A. G. BOBBITT, J. T. BOBBITT, MRS. ARTELIA HIGHT, AND MRS. CORA H. HOWELL v. OXFORD NATIONAL BANK, R. R. HERRING, E. N. CLEMENT, JOHN S. WATKINS, E. A. HUNT, AND A. H. POWELL, TRUSTEES FOR FIRST NATIONAL BANK OF GRANVILLE, ITS CREDITORS AND STOCKHOLDERS.

(Filed 18 September, 1935.)

**1. Banks and Banking C b—National bank receiving trust deposit must keep same segregated or secured by bonds.**

It is the duty of a national bank to segregate all assets held by it in any fiduciary capacity from its general assets, and to keep separate books

and records showing in proper detail all transactions engaged in by it in its fiduciary capacities, and if any of such funds are used in the conduct of the bank's business, the bank must first secure such funds by Government bonds or other securities set aside in its trust department. U. S. Code, Anno., Title 12, Banks and Banking, sec. 248.

2. **Banks and Banking C e—Held: National bank accepted trust created by will by accepting deposit and discharging duties under the trust.**

   Testator directed that a portion of his estate be deposited in a designated national bank in trust for his daughter for her life, and the income therefrom be paid to her, and that upon her death the principal be paid to designated beneficiaries. The bank accepted the deposit and paid the daughter four per cent on the deposit per year, and used the funds in its general banking business by depositing securities in its trust department. *Held:* The bank, by its acts, accepted the trust created by the will and exercised control over the funds as trustee, and neither the bank nor its trustees in liquidation can successfully contend that such deposit was a time deposit.

3. **Banks and Banking H e—Claimants held entitled to lien on bonds set apart as security in trust department by national bank.**

   A national bank accepted a trust deposit under the terms of a will, and later transferred the deposit to its trust department and used the funds in its general banking business, but set aside in its trust department bonds and securities sufficient to cover trust funds so used, as required by U. S. Code, Anno. Title 12, Banks and Banking. *Held:* Upon the bank's insolvency, the beneficiaries of the trust are entitled to a lien on the bonds so set aside in the trust department, in addition to their claim against the estate of the bank.

APPEAL from *Sinclair, J.,* at April Term, 1934, of GRANVILLE. Reversed.

This case was heard upon the following agreed statement of facts:

"1. That the plaintiffs are the devisees and legatees under the last will and testament of T. E. Bobbitt, late of Granville County, which said last will and testament was duly probated and is of record in the office of the clerk of the Superior Court of said county of Granville.

"2. That the defendant Oxford National Bank is a banking institution, chartered under the laws of the United States, and the defendants R. R. Herring, E. N. Clement, John S. Watkins, E. A. Hunt, and A. H. Powell are liquidating trustees, to whom have been transferred certain assets of the First National Bank of Granville, now in process of liquidation.

"3. That the Oxford National Bank purchased certain assets of the said First National Bank of Granville under an agreement signed by unsecured creditors of said bank owning more than seventy-five per cent of the unsecured claims against said bank, and agreed to pay in cash to the unsecured creditors of the said First National Bank of Granville

sixty per cent of the claims, and in its answer filed in this cause has signified both its ability and willingness to pay sixty per cent of the amount hereinafter mentioned.

"4. That the plaintiffs have brought this action for the purpose of establishing against said Oxford National Bank and/or said liquidating trustees of the First National Bank of Granville, as a preferred claim, the deposit hereinafter described.

"5. That Item Three of the last will and testament of T. E. Bobbitt, deceased, is in words and figures as follows, to wit:

## "'ITEM THREE.

"'All of the residue and remainder of my estate I direct to be divided into four equal parts or shares: I give and bequeath unto each of my sons, A. G. Bobbitt and J. T. Bobbitt, and to my daughter, Artelia Hight, their heirs and assigns, one of said shares in fee simple, and should either of my said sons, or my said daughter, die before I do, leaving issue, then the issue of such deceased child or children shall take the part or share to which the parent, if living, would be entitled; the other one-fourth share I direct my executors to deposit in the National Bank of Granville, of Oxford, N. C., to be held by said bank in trust for the use and benefit of my daughter, Cora H. Howell, for and during the term of her natural life, the annual income and interest on the same to be paid over to her, and at the death of my said daughter, Cora H. Howell, the said amount or share so deposited in the said bank shall be equally divided between my two sons, A. G. Bobbitt and J. T. Bobbitt, and my daughter, Artelia Hight, share and share alike, and should either of my said sons or my said daughter die before the said Cora H. Howell, then the share, or interest, of such deceased son or daughter shall pass to the issue of said deceased child, and such issue shall be entitled to receive the part or share thereof to which the parent, if living, would be entitled; and it is expressly stipulated and directed by me that each of my sons and daughters shall pay over to my beloved wife, or to someone for her use and benefit, four per cent. annual interest on the amounts received by them from my estate for the purpose of meeting the expenses of the support, maintenance, care, and attention of my beloved wife, and if said four per cent. on said amounts shall not be sufficient to meet said expenses, then each of my children shall contribute pro rata to make up the amount of said deficiency, and the said National Bank of Granville, in the disbursement of the interest and income on the amount deposited therein for my said daughter, Cora H. Howell, shall pay said four per cent. and the pro rata share, which may be required to be paid under the terms above set out.'

"6. That on 1 February, 1928, the executors of T. E. Bobbitt, deceased, drew a check in the sum of $4,401.59 on their account as executors in the National Bank of Granville, and deposited the same in said bank under the following styled deposit: 'The National Bank of Granville, Trustee for Cora H. Howell.'

"7. That a pass book was issued by said bank and delivered to said executors, showing said deposit.

"8. That said deposit was set up by the bank as an interest-bearing deposit, or account, and the National Bank of Granville paid, until its merger with the First National Bank of Oxford, interest on said account to the said Cora H. Howell at the rate of four per cent from the date of such deposit until and including 4 March, 1933.

"9. That after the date of said deposit, as aforesaid, in the National Bank of Granville, said bank and the First National Bank of Oxford merged under the style of the First National Bank of Granville, which said bank succeeded to the property and property rights of both the National Bank of Granville and the First National Bank of Oxford.

"10. That on 11 February, 1932, the principal of this deposit, to wit, $4,401.59, was transferred by the First National Bank of Granville from the individual ledger of said bank to the trust ledger kept by said bank.

"11. That after said transfer this account and all other accounts on said trust ledger were secured at all times by bonds set aside for the purpose, having at all times a fair market value in excess of the total amounts appearing on said trust ledger.

"12. That officers of the First National Bank of Granville on numerous occasions made statements to the plaintiffs that this account had been transferred to the trust ledger, and that all amounts appearing on said trust ledger were adequately secured by bonds set aside for the purpose.

"13. That the First National Bank of Granville was closed by proclamation of the President of the United States on 4 March, 1933, since which time it has not been able to open and perform general banking functions; that said bank is now in process of liquidation.

"14. That the total deposits appearing on the trust ledger of said bank at the time said bank was closed amounted to $21,118.45.

"15. That said bank had in cash at the time it closed the sum of $29,386.95.

"16. That the National Bank of Granville and the First National Bank of Granville were authorized and empowered to act in all fiduciary capacities and relationships.

"17. That the funds in controversy in this action were immediately upon their deposit in said bank commingled with other assets belonging to said bank, and were at all times used by said bank in the conduct of the bank's business generally.

"18. That the plaintiffs contend that said deposit constitutes a preferred claim against the First National Bank of Granville, and is entitled to payment in full, and the defendants contend that such deposit is an ordinary interest-bearing deposit and entitled to participate in the distribution of the assets of the First National Bank of Granville as an unsecured claim only."

His Honor signed the following judgment:

"This cause coming on to be heard before the undersigned judge presiding at the April Term, 1934, of the Superior Court of Granville County, and attorneys representing the plaintiffs and defendants having agreed to waive a jury trial, and having also agreed upon the facts, a statement of which is hereto attached and made a part hereof:

"It is now, upon such agreed facts, considered, adjudged, and decreed that the plaintiffs' claim declared on in this action is neither a preferred nor a secured claim against the First National Bank of Granville, and the plaintiffs are entitled only as other unsecured creditors of the First National Bank of Granville to participate in the assets of said bank transferred and assigned to R. R. Herring, E. N. Clement, John S. Watkins, E. A. Hunt, and A. H. Powell, trustees for said bank.

"It is further considered, adjudged, and decreed that the plaintiffs have and recover of the defendant Oxford National Bank sixty per cent of the sum of $4,401.59, together with such costs as accrued up to the time of the filing by said Oxford National Bank of its answer, to wit, on 21 February, 1934, said judgment as to said Oxford National Bank to be discharged by payment by said Oxford National Bank of said sixty per cent of said $4,401.59, and such costs, into the office of the clerk of the Superior Court of Granville County.

"This judgment shall in no wise prejudice any rights that the plaintiffs may have to participate as other unsecured creditors may participate in any and all assets formerly belonging to the First National Bank of Granville, and transferred and assigned for the purpose of liquidation to R. R. Herring, E. N. Clement, John S. Watkins, E. A. Hunt, and A. H. Powell, liquidating trustees of said bank."

To the foregoing judgment the plaintiffs excepted and appealed to the Supreme Court, assigning errors.

*J. P. and J. H. Zollicoffer and T. Lanier for plaintiffs, appellants.*
*Royster & Royster for defendants, appellees.*

SCHENCK, J. It is contended by the plaintiffs, appellants, that since the banks involved in this case were all national banks, the funds in controversy, namely, one-fourth of the residue of the estate of the late T. E. Bobbitt, deceased, were funds held in trust by the bank and used

by the bank in the conduct of its own business, and that upon failure of the First National Bank of Granville, they, as beneficiaries of said funds, had a lien upon the United States bonds and other securities set aside for the protection thereof; and they invoke section 248, subsection (k), of the chapter entitled "Federal Reserve System," United States Code Anno., Title 12, Banks and Banking, at page 319, sec. 248, which, after making provision for national banks to act as trustees, executors, administrators, guardians, and in other fiduciary capacities in which State banks come in competition with national banks, reads as follows:

"(k)   .   .   .   National banks exercising any or all of the powers enumerated in this subsection (k) shall segregate all assets held in any fiduciary capacity from the general assets of the bank, and shall keep a separate set of books and records showing in proper detail all transactions engaged in under authority of this subsection.   .   .   .

"No national bank shall receive in its trust department deposits of current funds subject to check, or the deposit of checks, drafts, bills of exchange, or other items for collection or exchange purposes. Funds deposited or held in trust by the bank awaiting investment shall be carried in a separate account and shall not be used by the bank in the conduct of its business unless it shall first set aside in trust department United States bonds or other securities approved by the Federal Reserve Board.

"In the event of the failure of such bank, the owners of the funds held in trust for investment shall have a lien on the bonds or other securities so set apart, in addition to their claim against the estate of the bank."

It was the duty of the First National Bank of Granville to segregate all of the assets held by it in any fiduciary capacity, including the funds in controversy, from the general assets of the bank, and to keep a separate set of books and records showing in proper detail all transactions engaged in by it in its fiduciary capacities; and if any of the trust funds were used in the conduct of the bank's business, it was the duty of the bank to first set aside in its trust department United States bonds or other securities to secure the fund so used, so that, in the event of failure, the owners of the fund so used should have a lien on such bonds or securities, in addition to their claim against the estate of the bank.

The bank did not keep the funds in controversy separate from its general assets, but elected to use them in the conduct of its business by depositing United States bonds or other securities to secure the same. The bank and its successor trustees are therefore bound by its acts in depositing security therefor and using the funds in its business.

The intention of the statute invoked is to protect beneficiaries of trust funds, by having the bank to either keep the trust funds segregated from its general assets or by securing such trust funds with proper securities.

The bank received the funds in controversy and deposited the same to its own credit, and paid interest to the beneficiaries as provided in the will of T. E. Bobbitt. In so doing the bank accepted the trust created by the terms of the will and exercised control over the funds in controversy as trustee; and, to enable it to use such funds in the conduct of its own business, it set aside in its trust department United States bonds and other securities to secure the same.

The funds in controversy were funds accepted by the bank as trustee under the terms of the will, and were used by the bank in the conduct of its business, after having been secured by securities set aside for that purpose, and we, therefore, conclude that the plaintiffs have a lien on the bonds and other securities set apart as security in the trust department of the First National Bank of Granville, in addition to their claim against the estate of the bank, and that there was error in adjudging that "the plaintiffs' claim declared on in this action is neither a preferred nor a secured claim against the First National Bank of Granville."

The case is remanded to the Superior Court that there may be there entered a judgment that the plaintiffs have and recover $4,401.59 as a preferred and secured claim against the First National Bank of Granville, together with costs in this behalf incurred.

Reversed.